IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TYRELL L. JOHNSON,**

    Petitioner,

v.                                                                     Civil Action No. **3:10cv502**

**GENE M. JOHNSON,**

    Respondent.

## MEMORANDUM OPINION

Tyrell L. Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss (Docket No. 13) and a Rule 5 Answer (Docket No. 14), providing Johnson with appropriate *Roseboro*[1] notice (Docket No. 16). Johnson responded. (Docket No. 18.) The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

In March 2007, a jury convicted Johnson in the Circuit Court of the City of Norfolk ("Circuit Court") of first degree murder and use of a firearm in commission of a felony. The Circuit Court sentenced Johnson to eighty years in prison. Johnson appealed his conviction.

#### A.    Johnson's State Appeals

In his petition for appeal to the Court of Appeals of Virginia, Johnson raised three grounds for relief: (1) the Circuit Court denied Johnson funds to hire a ballistics expert; (2) the Circuit Court erred in permitting a witness to testify regarding the victim's statements; and (3) insufficient evidence was presented regarding Johnson's specific intent to kill. Petition for

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Appeal, *Johnson v. Commonwealth*, No. 0838-07-1 (Va. Ct. App. filed Sept. 26, 2007); (Docket No. 17 Ex. 2.) A single Court of Appeals of Virginia judge denied Johnson's petition for appeal. *Johnson*, No. 0838-07-1 (Va. Ct. App. Dec. 28, 2007); (Docket No. 17 Ex. 3.) Subsequently, a three-judge panel from the Court of Appeals of Virginia denied the petition. *Johnson*, No. 0838-07-1 (Va. Ct. App. Mar. 17, 2008); (Docket No. 17 Ex. 4.) The Supreme Court of Virginia summarily refused Johnson's petition for appeal. *Johnson v. Commonwealth*, No. 080572 (Va. July 9, 2008); (Docket No. 17 Ex. 5.)

### B. Johnson's State Habeas Proceedings

Johnson then filed a petition for a writ of habeas corpus in the Circuit Court. *Johnson v. Johnson*, No. CL09004366-00 (Va. Cir. Ct. filed July 8, 2009). Johnson raised seven claims for relief:

| | |
|---|---|
| State Claim One | "Petitioner was denied a fair trial when the Commonwealth knowingly used perjured or false testimony." *Johnson*, No. CL09004366-00, at 2 (Va. Cir. Ct. Sept. 25, 2009); (Docket No. 17 Ex. 7 ("State Habeas Op.").) |
| State Claim Two | "Appellate counsel was ineffective for failing to have a sufficient record for review of all potential assignments of error." (State Habeas Op. 2.) |
| State Claim Three | "Trial counsel was ineffective for refusing to allow petitioner to testify in his own behalf at trial." (State Habeas Op. 3.) |
| State Claim Four | "Trial counsel was ineffective for failing to request an instruction to the jury on presumption of innocence." (State Habeas Op. 3.) |
| State Claim Five | "Petitioner was deprived of his Due Process Rights under the Fourteenth Amendment[2] when the Commonwealth failed to disclose evidence favorable to the petitioner." (State Habeas Op. 3.) |

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

2

| | |
|---|---|
| State Claim Six | "Trial counsel was ineffective for failing to request the trial court take appropriate action upon discovery that the Commonwealth had withheld evidence favorable to the petitioner." (State Habeas Op. 3.) |
| State Claim Seven | "Trial counsel was ineffective for failing to object to or oppose a defective indictment and failed to object to the unconstitutional amendment of the defective indictment." (State Habeas Op. 3.) |

The Circuit Court dismissed State Claims One and Five pursuant to the rule announced in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because they could have been raised, but were not, at trial and on direct appeal.[3] (State Habeas Op. 3.) The Circuit Court dismissed State Claims Two, Three, Four, Six, and Seven because Johnson did not satisfy either prong of the test for ineffective assistance of counsel in *Strickland v. Washington*.[4] (State Habeas Op. 4-10.)

Johnson appealed to the Supreme Court of Virginia. Petition for Appeal, *Johnson v. Johnson*, No. 092565 (Va. filed Dec. 17, 2009); (Docket No. 17 Ex. 8.) The Supreme Court of Virginia summarily refused his petition for appeal. *Johnson*, No. 092565 (Va. July 2, 2010); (Docket No. 17 Ex. 9.)

---

[3] The Circuit Court also determined that State Claim Five was without merit. (State Habeas Op. 4.)

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984), permits a finding of ineffective assistance only when the attorney's conduct is deficient and such performance prejudices the petitioner. *Id.*

3

## C. Johnson's 28 U.S.C. § 2254 Petition

On July 8, 2010,[5] Johnson filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. In his petition, Johnson raises seven claims for relief. His claims for relief here are identical to those raised in the state habeas proceedings:

| | |
|---|---|
| Claim One | Petitioner was denied a fair trial when the Commonwealth knowingly used perjured or false testimony. |
| Claim Two | Appellate counsel was ineffective for failing to have a sufficient record for review of all potential assignments of error. |
| Claim Three | Trial counsel was ineffective for refusing to allow petitioner to testify in his own behalf at trial. |
| Claim Four | Trial counsel was ineffective for failing to request an instruction to the jury on presumption of innocence. |
| Claim Five | Petitioner was deprived of his Due Process Rights under the Fourteenth Amendment when the Commonwealth failed to disclose evidence favorable to the petitioner.[6] |
| Claim Six | Trial counsel was ineffective for failing to request the trial court take appropriate action upon discovery that the Commonwealth had withheld evidence favorable to the petitioner. |

---

[5] The Court considers a prisoner's federal habeas corpus petition filed on the date the petition is delivered to prison authorities for mailing to a court. *See Houston v. Lack*, 487 U.S. 266 (1988).

[6] Johnson's allegations regarding the prosecutor withholding favorable evidence consist of two grounds. First, Johnson argues prosecutorial misconduct. Second, Johnson argues ineffective assistance of counsel. These two grounds were raised as separate claims in his state habeas petition as State Claim Five and State Claim Six, respectively. In his § 2254 petition, Johnson merged the two grounds into Claim Five. For ease of analysis, the Court has separated these claims again. The prosecutorial misconduct ground is analyzed in Claim Five and the ineffective assistance ground is analyzed in Claim Six. Johnson's sixth claim raised in his § 2254 Petition is now called Claim Seven.

4

Claim Seven   Trial counsel was ineffective for failing to object to or oppose a defective indictment and failed to object to the unconstitutional amendment of the defective indictment.[7]

Respondent has moved to dismiss Claims One and Five on the ground that they are procedurally defaulted because the Supreme Court of Virginia dismissed these claims pursuant to *Slayton*, an adequate and independent state ground. Respondent has moved to dismiss the remaining claims on the ground that the Supreme Court of Virginia dismissed the claims on the merits pursuant to *Strickland* and such dismissal was not contrary to nor an reasonable application of law. *See* 28 U.S.C. § 2254(d).

## II. ANALYSIS

### A.   Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the

---

[7] Johnson raised Claim Six as State Claim Seven in his state habeas petition.

State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults

claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[8] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

## B.  Claims One And Five Are Procedurally Defaulted

Johnson presented Claims One and Five to the Circuit Court in his state petition for a writ of habeas corpus. The Circuit Court determined that these claims were barred from review because they could have been, but were not, raised at trial and on direct appeal. (State Habeas Op. 3 (*citing Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974))). *Slayton* is an adequate and independent state procedural rule when so applied.[9] *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Therefore, these claims are procedurally defaulted.[10]

In Johnson's response to the motion to dismiss (Docket No. 18), Johnson asserts cause and prejudice for his default stems from the ineffective assistance of his attorney. (Resp. Mot.

---

[8] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

[9] The fact that the Circuit Court alternatively discussed the merits of Claim Five provides no solace for Johnson because the judgment contains a plain statement which clearly and expressly rests on a state procedural bar. *Felton v. Barnett*, 912 F.2d 92, 95-96 (4th Cir. 1990).

[10] Because the Supreme Court of Virginia summarily rejected Johnson's petition for appeal, it is presumed that it dismissed Johnson's claims for the reasons stated by the Circuit Court. *See White v. Johnson*, No. 2:05cv365, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

Dismiss 2-5, 9-12.) To the extent that Johnson's assertion of cause is based on his freestanding ineffective assistance of counsel claims, that assertion is rejected for the reasons set forth below in discussion regarding those claims. *See, e.g., Wiggins v. Johnson*, 3:07cv00211, 2009 WL 223522, at *4 (E.D. Va. Jan. 29, 2009). To the extent Johnson is alleging a new claim of ineffective assistance of counsel, such claims are defaulted and cannot serve as cause to excuse the default of any of Johnson's other claims. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Accordingly, Claims One and Five will be DISMISSED.

### C. Factual History

The Court of Appeals of Virginia recounted the evidence against Johnson:

> Emma Reyes received a phone call from the victim on the morning of [the victim's] death. During the call the victim told Reyes, "Guess what this mother F'er did? He broke into my house again."
> 
> The victim told Reyes that she felt cold in the house and noticed that a tarp had been removed from a window and that appellant's jacket was on the floor. The victim stated that in the jacket was a three-day-old document stating that she and appellant had seventy-two hours to evacuate their residence. The victim found appellant in a closet. Over the phone, Reyes heard the victim yell at appellant, saying, "[G]et out or I'm going to call the cops in two minutes." The victim accused appellant of aiming a gun at her, and appellant replied, "Well, nobody saw me." Reyes stated that, after the victim yelled at appellant, the victim screamed and the call ended. Reyes called 911. Officers David Porter and M.O. Sarmiento responded to the scene, entered the residence through the unlocked front door, and found a body lying in a pool of blood on the floor of a hallway. A cell phone was lying nearby.
> 
> Investigator Christopher Bryant testified that he and Investigator Ford interviewed appellant after he had turned himself in. Appellant told the officers that he slept in a closet in the victim's residence the night before the incident. Appellant also stated that the victim ordered him to leave when she found him in her house and that she stated that she wanted appellant to return her Hi-Point .45 caliber firearm. Appellant stated that the victim had purchased the gun on his behalf, and he produced for the officers a handwritten document indicating that the victim had transferred the firearm to appellant. Appellant stated that the victim grabbed the barrel of the weapon, and in the struggle for control of the weapon the gun discharged and the victim fell to the ground.
> 
> Dr. Bush, a forensic pathologist, testified that the victim died of a single gunshot wound to the chest. The bullet "traveled through her body in a

8

right-to-left-backward-and-slightly-upward direction," passing through her heart and left lung and causing extensive internal hemorrhaging. Dr. Bush stated that, "if somebody had their hand on the barrel of a weapon near the muzzle where the gunpowder, the smoke and the soot and the bullet come out of, I would expect to see some evidence of soot, smoke, and possible burns on the hands." Dr. Bush found no burns or gunpowder soot on the victim's hands. In addition, Dr. Bush found fresh scratches on the back of the victim's right hand and the bridge of her nose, consistent with a struggle occurring close to the time of her death.

Deputy Sheriff Scott Griffith found a firearm in a van in the parking lot of the sheriff's office where appellant turned himself over to the police. Allison Milam, an expert in firearm and toolmark examination, determined that the Hi-Point pistol Griffith found had fired a cartridge casing that police recovered from the crime scene. After examining the jacket the victim wore when she was shot, Milam concluded that the victim's right sleeve was touching or nearly touching the muzzle when the firearm discharged, while the victim's chest was less than two feet from the muzzle.

*Johnson*, No. 0838-07-1, at 4-5 (Va. Ct. App. Dec. 28, 2007); (Docket No. 17 Ex. 3.)[11] With these facts in mind, the Court turns to Johnson's remaining claims of ineffective assistance of counsel.

### D. Ineffective Assistance of Counsel

To prove a constitutional claim for ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation was deficient and that actual prejudice stemmed from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Proving deficient representation "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* That is, a petitioner must show that counsel's performance at trial "'fell below an objective standard of reasonableness' based on the situation at the time rather than on hindsight." *Buckner v. Polk*, 453 F.3d 195, 201 (4th Cir. 2006) (*quoting Strickland*, 466 U.S. at 688). Proving prejudice

---

[11] Because Johnson has not attempted to rebut these factual findings by clear and convincing evidence, the Court presumes that they are correct. *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (*citing* 28 U.S.C. § 2254(e)(1)).

9

"requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Put differently, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1. Claim Two: Ineffective Assistance of Appellate Attorney

In Claim Two, Johnson alleges ineffective assistance of appellate counsel because his attorney "never reviewed the full, complete, and accurate account of the trial proceedings for potential issues for appeals,"[12] he took no steps to obtain the full record, and therefore could not appeal what Johnson contends are meritorious issues. (Br. Supp. § 2254 Pet. 9.) Johnson avers that "[a]fter reviewing the trial transcript, [Johnson] noticed that the records was incomplete." (Br. Supp. § 2254 Pet. 8.) Specifically, Johnson claims that "[t]he court reporter failed to transcribe important accounts of the proceeding [such as the] jury instructions, opening arguments and summations." (Br. Supp. § 2254 Pet. 8.) Johnson claims he informed his appellate attorney of this fact, and that his attorney wrote him a letter explaining "that he was never provided with jury instructions, nor was it made part of the record." (Br. Supp. § 2254 Pet. 9.)

> The Circuit Court, in determining that this claim did not satisfy *Strickland*, held:
>
> [P]etitioner alleges that appellate counsel was ineffective because he failed to have "important accounts of the proceeding" transcribed. Petitioner contends that appellate counsel never reviewed the full, complete, and accurate account of the trial proceedings and should have made sure the record included the portions of the trial not transcribed. Appellate counsel's failure to include this information meant that counsel could not find *potential* issues for appeal. This Court finds that this claim

---

[12] Capitalization in quotations to Johnson's submissions has been corrected.

10

> must fail because petitioner has failed to allege what meritorious claims were overlooked.
>
> Further, petitioner does not allege that there is a reasonable probability that the trial court would have been reversed and petitioner's charges would have been dismissed. He merely asserts that the record would have been sufficient to determine these issues on appeal. By failing to argue that there is a reasonable probability that the trial court would have been reversed on appeal, petitioner has failed to show prejudice from appellate counsel's alleged errors.

(State Habeas Op. 4-5.) Because the Supreme Court of Virginia adjudicated this claim on the merits, this Court may not grant habeas relief thereon unless the Supreme Court of Virginia's adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, Johnson fails to demonstrate the Circuit Court's rejection of this claim for lack of prejudice and for lack of deficient performance was unreasonable.

Johnson's argument in his 28 U.S.C. § 2254 petition is almost identical to that presented to the state court. He invokes three grounds on which his conviction could be overturned, if the issues existed in his trial, and if the record were fully developed.[13] He does not, however, indicate that any of these are factually relevant to his trial. Accordingly, he did not demonstrate a

---

[13] According to Johnson, the pieces of the record missing could support appellate arguments such as the following: (1) "The jury must be instructed that the Commonwealth has the burden to prove its case beyond a reasonable doubt." (Br. Supp. § 2254 Pet. 9.) (2) "During opening statements the Commonwealth may not inflame the passions of the jury or appeal to their prejudice." (Br. Supp. § 2254 Pet. 9.) (3) "During summations, the Commonwealth attorney may not directly comment on the Defendant's failure to testify or express personal oppinions [sic] as to the credibility of a witness or the weight of the evidence." (Br. Supp. § 2254 Pet. 9.) Johnson does not allege any facts which indicate any of the foregoing errors occurred.

11

reasonable probability that the result of the proceeding would have been different if his attorney had the full record before him.[14]

Furthermore, regarding Johnson's allegation that the jury instructions were not part of the appellate record, the Court notes that the Circuit Court found this unsupported by the record. The Circuit Court stated, "A review of the record in this case shows that the jury instructions were part of the record. . . . The Court finds this portion of claim (2) is directly refuted by the face of the record." (State Habeas Op. 5-6.) Indeed, the jury instructions were sent to the Court of Appeals of Virginia on July 16, 2007. *See* Record in a Criminal Case at 62-88, *Johnson*, No. CR06001399-00 (Va. Cir. Ct. transmitted to Va. Ct. App. on July 16, 2007).[15]

The Circuit Court's determination that Johnson had not met *Strickland*'s two prongs was not unreasonable. 28 U.S.C. § 2254(d). Accordingly, Claim Two will be DISMISSED.

### 2. Claim Three

In Claim Three, Johnson alleges that his trial counsel was ineffective for refusing to allow Johnson to testify on his own behalf at trial. Johnson acknowledges that he and his attorney discussed this option prior to trial. Johnson asserts that he made the decision that he wanted to testify at trial, and that Johnson's attorney led Johnson "to believe it would be best because there

---

[14] Johnson acknowledges that the issues for appeal are speculative: "How could the appellate counsel know if there was any issues if his deficient performance caused him not to request the important accounts. (Opening and closing arguments). Anything could have been said by the prosecution to unlawfully and unconstitutionally attack the defendant to where his rights were violated." (Resp. Mot. Dismiss 6.) Of course, Johnson was present during these proceedings and could rely upon his own recollection. *See United States v. Butler*, 178 F. App'x 327, 327 (4th Cir. 2006) (*citing United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964)).

[15] The Court notes, however, that the jury instructions are omitted from the transcript. (Mar. 28, 2008 Trial Tr. 484.)

12

were no witness[es] at the time of the incident, only the petitioner and the alleged victim." (Br. Supp. § 2254 Pet. 13.) Johnson insinuates that when his trial counsel rested, it was without Johnson's consent and it was contrary to their understanding that Johnson would testify.

Johnson presented this claim in his state habeas proceedings. The Circuit Court held:

> Trial counsel, in her affidavit, stated that she spoke with petitioner several times concerning whether he should testify at his trial. Attached to counsel's affidavit is a letter from January 3, 2007, in which she advised petitioner that it was his choice, but that she recommended that he not testify. Counsel avers that she discussed this issue with petitioner after the evidence was presented and prior to closing arguments. She stated that petitioner chose not to testify after reviewing the evidence presented at trial.
>
> . . . .
>
> Counsel averred that she and petitioner, at the conclusion of the testimony, reviewed the status of the evidence and whether petitioner should testify. Counsel recommended that petitioner not testify. She felt that given the way the evidence was presented at trial, it would not be in his best interest to take the stand. In her letter she noted that petitioner's prior record would provide the Commonwealth with the opportunity to challenge his credibility. ***Ultimately, however, counsel avers the petitioner himself chose not to testify.*** Given these circumstances, the Court finds that petitioner cannot establish he received ineffective assistance of counsel.

(State Habeas Op. 6, 8.) The Court has reviewed Johnson's counsel's affidavit.[16] (Docket No. 17 Ex. 10 ("Stanton Aff.").) In that affidavit, Johnson's attorney swears that "[a]t the end of the testimony and before closing arguments, [she] again discussed with [Johnson] whether to take the stand or not." (Stanton Aff. 1-2.) She further swears that, during this consultation,

---

[16] Although there are two affidavits from Johnson's counsel (*see* Docket No. 17 Ex. 6 Attach. A; Docket No. 17 Ex. 10), the Court refers to the affidavit presented to the state court (Docket No. 17 Ex. 10; Record in a Civil Case at 200-01, *Johnson*, No. CL09004366 (Va. Cir. Ct. transmitted to Va. on Dec. 4, 2009.)

13

"given how the evidence was presented at trial, [she] did not feel it would be in his best interests to take the stand and he chose not to testify."[17] (Stanton Aff. 2.)

"[T]he advice provided by a criminal defense lawyer on whether [her] client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (*quoting Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983)). "'Absent evidence of coercion, legal advice concerning the defendant's right to testify does not constitute [ineffective assistance of counsel].'" *Id.* (alteration in original) (*quoting Reyes-Vejerano v. United States*, 117 F. Supp. 2d 103, 108-09 (D.P.R. 2000)). Johnson has not alleged any coercion regarding his right to testify. The Circuit Court's determination that Johnson had not met *Strickland*'s two prongs was not unreasonable. 28 U.S.C. § 2254(d). Accordingly, Claim Three will be DISMISSED.

---

[17] The Court notes that Johnson filed an affidavit in opposition to his attorney's affidavit when he filed his petition for a writ of habeas corpus in the Circuit Court. His affidavit does not mention his claim regarding taking the stand. Johnson's state habeas petition, however, is sworn. (Docket No. 17 Ex. 6 ("State Habeas Pet.").) The brief supporting his state habeas petition does not clearly assert that he told his attorney that he wanted to testify. (Br. Supp. State Habeas Pet. 15.) For example, Johnson swears, "[Petitioner] asserts that he made the decision that he wanted to testify at his trial. His attorney was very aware of the Petitioner's wishes to testify in his own behalf at trial." (Br. Supp. State Habeas Pet. 15.) Johnson does not swear that he communicated his wishes to his attorney and does not indicate *how* or *when* his attorney became aware of his decision. Johnson further swears that he "was led to believe that his wishes to [testify] was respected and consented to by his trial attorney." (Br. Supp. State Habeas Pet. 15.) Johnson's passive allegation does not clearly support his insinuation that he insisted on testifying and his attorney prohibited him from doing so. Finally, Johnson states, "Petitioner trial attorney rested without allowing him to testify in his own behalf at his trial." (Br. Supp. State Habeas Pet. 15.) None of the statements Johnson makes are in direct conflict with his attorney's affidavit. It was not unreasonable for the state courts to credit Johnson's attorney's specific affidavit over Johnson's conclusory affidavit. *Strong v. Johnson*, 495 F.3d 134, 139-40 (4th Cir. 2007).

### 3. Claim Four

In Claim Four, Johnson alleges that he received ineffective assistance of counsel when his trial attorney failed to request a jury instruction regarding Johnson's presumption of innocence. (Br. Supp. § 2254 Pet. 15.) Johnson asserts that "reviewing [his] trial transcripts and written instructions there was no account of the jury being instructed on the presumption of innocence." (Br. Supp. § 2254 Pet. 17.) He further asserts that his attorney did not request such an instruction. (Br. Supp. § 2254 Pet. 18.)

Johnson raised this issue for the first time during state habeas proceedings. Regarding this issue, the Circuit Court held, "[This claim] is without merit. In her affidavit, trial counsel averred that an instruction on the presumption of innocence was proffered and accepted by the court. Further, and more importantly, the first sentence of jury instruction 1 states, 'The defendant is presumed to be innocent.'" (State Habeas Op. 8-9.)

The Court has reviewed the jury instructions which were used in Johnson's trial. *See* Record in a Criminal Case at 62-88, *Johnson*, No. CR06001399-00 (Va. Cir. Ct. transmitted to Va. Ct. App. on July 16, 2007); (Docket No. 17 Ex. 11.) Page sixty-six contains jury instruction number one. That instruction begins, "The defendant is presumed to be innocent. You should not assume the defendant is guilty because he has been indicted and is on trial."[18] (Docket No. 17 Ex. 11, at 66.)

---

[18] Johnson does not respond regarding Claim Four in his response to the motion to dismiss.

Johnson's claim is without merit. The Circuit Court's determination that Johnson had not met *Strickland*'s two prongs was not unreasonable. 28 U.S.C. § 2254(d). Accordingly, Claim Four will be DISMISSED.

### 4. Claim Six

In Claim Six, Johnson alleges that he received ineffective assistance of counsel when his attorney failed to request that the trial court take appropriate action upon discovering that the prosecutor withheld exculpatory evidence. The allegedly exculpatory evidence to which Johnson refers concerns a police officer's notes regarding a witness's statement which contradicted her statement at a preliminary hearing.

Johnson presented this claim to the Circuit Court during habeas proceedings. The Circuit Court, in determining that Johnson did not satisfy *Strickland*, held, "[T]here was no favorable evidence withheld by the Commonwealth. [The witness's] statement to the police was provided to defense counsel sometime in January of 2007 and the trial began on March 26, 2007." (State Habeas Op. 9.) In support of this holding, the Circuit Court stated:

> The Court finds that the record belies this claim. In ¶ 45 of his memorandum of law [in support of his state habeas petition], petitioner contends that he did not have knowledge of these notes until the day of trial. Petitioner's cites to the trial transcripts refer to the arguments for a motion in limine that took place on the first day of trial on March 26, 2007. In these arguments counsel states that the Commonwealth had disclosed this statement to her in January.

(State Habeas Op. 4.)

The trial record supports the Circuit Court's findings. The transcript from the first day of trial reveals that the night before the first day of trial, Johnson's attorney "noticed that the Commonwealth had disclosed to [her] in January some" investigator notes which contradicted a witness's statement at the preliminary hearing. (Mar. 26, 2007 Trial Tr. 7-8.)

The Circuit Court's determination that Johnson had not met *Strickland*'s two prongs was not unreasonable. 28 U.S.C. § 2254(d). Accordingly, Claim Six will be DISMISSED.

### 5. Claim Seven

In Claim Seven, Johnson alleges that he received ineffective assistance of counsel when his trial attorney failed to object to a defective indictment and failed to object to the amendment of the indictment.[19] Johnson was indicted for using a firearm during the commission of a felony. The indictment, Johnson avers, did not specify that it was his second or subsequent such offense. Johnson insists that when the Circuit Court instructed the jury regarding the "second or subsequent" language, this constituted an impermissible amendment of the indictment.

Johnson presented this claim to the state court in his habeas proceedings. In determining that the claim did not satisfy *Strickland*, the Circuit Court held:

> In claim (7), petitioner claims that trial counsel was ineffective for failing to object or oppose a defective indictment and failed to object to the unconstitutional amendment of the defective indictment. He contends that the Commonwealth could not seek the enhanced punishment for a second offense under Va. Code § 18.2-53.1 unless the Commonwealth charged in the indictment that he was a second or subsequent offender.
> The Court finds that petitioner's argument is without merit. Statutes such as § 18.2-53.1 "are sometimes characterized as 'specific recidivist' statutes.... Such statutes may by their language require that the indictment state that the offense charged is a second or subsequent offense. No such requirement, however, is mandated by § 18.2-53.1." *Ansell v. Commonwealth*, 219 Va. 759, 762 (1979); *see also Stubblefield v. Commonwealth*, 10 Va. App. 343, 347 (1990) (no requirement in Va. Code § 18.2-53.1 that a defendant be charged with a second or subsequent offense to be eligible for the enhanced punishment).

---

[19] As noted above, this claim is listed in Johnson's § 2254 petition as Claim Six.

(State Habeas Op. 9-10 (omission in original) (parallel citations omitted).)[20] Accordingly, because there is no requirement in Virginia law that a defendant be charged with a second or subsequent offense to be eligible for enhanced punishment, any objection by Johnson's counsel would have been frivolous. As the Circuit Court correctly noted, counsel is not required to make frivolous arguments. (State Habeas Op. 10); *White v. Johnson*, No. 1:07cv376 (CHM/TCB), 2007 WL 3378541, at *6 (E.D. Va. Nov. 7, 2007) (*citing Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005); *United States v. Isaac*, No. 1:05cv1053, 2006 WL 2038521, at *3 & n.7 (E.D. Va. July 19, 2006)).

The Circuit Court's determination that Johnson had not met *Strickland*'s two prongs was not unreasonable. 28 U.S.C. § 2254(d). Accordingly, Claim Seven will be DISMISSED.

## III. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss (Docket No. 13) will be GRANTED. Johnson's motion for summary judgment (Docket No. 19) and motion for an evidentiary hearing (Docket No. 20) will be DENIED. Johnson's request for a court-appointed attorney (Br. Supp. § 2254 Pet. 28) will be DENIED. Johnson's claims will be DISMISSED. The petition for writ of habeas corpus will be DENIED. This action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[20] "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Principles of comity and federalism preclude federal habeas review involving reexamination of "state-court determinations on state-law questions." *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 483 (E.D. Va. 2005) (*citing Fisher v. Angelone*, 163 F.3d 835, 854 (4th Cir. 1998)).

§ 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Johnson is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 7-12-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge